# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVRON FLETCHER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5674** |
| **WARDEN, FRANKLIN PARISH DETENTION CENTER**[1] | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[2]

## I. Factual and Procedural Background

The petitioner, Devron Fletcher ("Fletcher"), is a convicted inmate incarcerated in the Franklin Parish Detention Center in Winnsboro, Louisiana.[3] On December 2, 2003, Fletcher was charged by bill of information in St. Tammany Parish in Case No. 373510 with two counts of simple

---

[1] The Court ordered that the caption be amended to indicate the respondent to be Warden, Franklin Parish Detention Center. Rec. Doc. No. 12.

[2] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[3] Rec. Doc. No. 11.

burglary and in Case No. 373511 with one count of issuing worthless checks.[4]  Fletcher, and a co-defendant, Josephine Pratt,[5] later were charged in another bill of information in Case No. 388852 on November 9, 2004, with bank fraud.[6]

Fletcher appeared for a jury trial on the simple burglary charges on March 2, 2005.[7]  After selection of the jury, Fletcher entered pleas of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[8] to each of the charges in the three bills of information.[9]  Fletcher also entered a plea of guilty to the multiple bill charging him as second felony offender.[10]  After waiver of legal delays, the Trial Court sentenced Fletcher in Case No. 373510 to serve 15 years on the first simple burglary count as a multiple offender and 12 years on the second count, concurrently.  The Court sentenced Fletcher in Case No. 373511 to serve two years for issuing worthless checks, concurrent with the other sentences.  In addition, the Court sentenced him in Case No. 388852 to serve 10 years concurrent with the other sentences.

Fletcher did not appeal or seek reconsideration of the sentences.  His convictions therefore became final thirty days later, on April 1, 2005.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir.

---

[4]St. Rec. Vol. 1, Bill of Information, No. 373510, 12/2/03; Bill of Information No. 373511, 12/2/03.

[5]The record reflects that Pratt entered a plea of guilty to this charge on March 4, 2005.  St. Rec. Vol. 1, Plea Transcript (Pratt), 3/4/05.

[6]St. Rec. Vol. 1, Bill of Information, No. 388852, 11/9/04.

[7]St. Rec. Vol. 1, Trial Minutes, No. 373510, 3/2/05.

[8]Under *Alford*, a criminal defendant can enter and the court can accept a plea of guilty in spite of the defendant's insistence that he is innocent.

[9]St. Rec. Vol. 1, Trial Minutes, No. 373510, 3/2/05; St. Rec. Vol. 1, Plea Minutes, No. 388852, 3/2/05; Plea Transcript, Nos. 373510, 373511, 388852, 3/2/05.

[10]St. Rec. Vol. 1, Multiple Bill, 3/2/05; St. Rec. Vol. 1, Trial Minutes, No. 373510, 3/2/05; St. Rec. Vol. 1, Plea Minutes, No. 388852, 3/2/05 Plea Transcript, Nos. 373510, 373511, 388852, 3/2/05.

2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[11]).

Over ten and one-half months later, on February 16, 2006, Fletcher submitted a motion to correct his illegal sentence to the Trial Court alleging that the Trial Court failed to vacate his original sentence before imposing the multiple offender sentence.[12] The Trial Court denied the motion because Fletcher was not sentenced prior to imposing the multiple offender sentence.[13] On July 24, 2006, the Louisiana First Circuit denied without written reasons Fletcher's writ application to that Court.[14] Fletcher did not seek further review of this order.[15]

Six months later, on January 22, 2007, Fletcher submitted an application for post-conviction relief to the Trial Court alleging that he was tricked into entering the plea with misinformation about

---

[11]The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 render the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[12]St. Rec. Vol. 1, Motion to Correct Illegal Sentence, 2/24/06 (dated 2/16/06).

[13]St. Rec. Vol. 1, Trial Court Order, 3/6/06.

[14]St. Rec. Vol. 1, 1st Cir. Order, 2006-KW-967, 7/24/06. This writ application was filed on May 16, 2006, according to the information obtained from the clerk of the Louisiana First Circuit. The Trial Court granted Fletcher until May 17, 2006. St. Rec. Vol. 1, Letter from Clerk, 4/19/06. This writ was therefore timely filed under La. App. Rule 4-3.

[15]The Court contacted the office of the clerk of the Louisiana Supreme Court to confirm that Fletcher has not sought review at all in the Louisiana Supreme Court.

his sentences.[16] The Trial Court denied the application on February 8, 2007, as repetitive of the March 9, 2006, motion to correct an illegal sentence.[17]

Fletcher submitted another application for post-conviction relief on March 1, 2007, raising six grounds for relief: (1) he was tricked into entering the plea agreement; (2) his pleas were invalid; (3) the sentences and enhancements are invalid; (4) the charges were tricks; (5) ineffective assistance of counsel; and (6) excessive sentence.[18] The Trial Court denied the application on April 16, 2007, as untimely filed.[19] Fletcher did not seek further review of this ruling.

## II. Federal Petition

On July 24, 2007, the Clerk of Court for the United States District Court for the Western District of Louisiana filed Fletcher's petition for federal habeas corpus relief, in which he raised four claims:[20] (1) breach of plea agreement; (2) the sentence is cruel and unusual punishment; (3) ineffective assistance of counsel; and (4) he was not informed of the prior conviction used in the multiple bill proceeding. The State filed an answer and memorandum in opposition to Fletcher's petition arguing that his petition is not timely filed and his claims are otherwise without merit.[21]

---

[16]St. Rec. Vol. 1, Application for Post-Conviction Relief, 2/2/07 (dated 1/22/07).

[17]St. Rec. Vol. 1, Trial Court Order, 2/8/07.

[18]St. Rec. Vol. 1, Uniform Application for Post-Conviction Relief, 4/9/07 (dated 3/1/07); Memorandum in Support, 4/9/07.

[19]St. Rec. Vol. 1, Trial Court Order, 4/16/07.

[20]Rec. Doc. No. 2.

[21]Rec. Doc. No. 13. The State moved to file an Amended Answer in lieu of the Answer filed previously. Rec. Doc. Nos. 10, 11, 12.

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this court under the federal mailbox rule on July 18, 2007.[23] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State in this case argues that Fletcher's federal petition was not timely filed. While the Court agrees with the State's conclusion on timeliness, the Court is compelled to note that the State's calculation is wrought with legal and factual errors. The Court also notes that the State position on exhaustion is contrary to federal law. The State takes the position that Fletcher exhausted his state court remedies because he was not entitled to an appeal of his guilty pleas. The Court is unsure what this has to do with exhaustion for purposes of federal habeas corpus. Under federal law, "[t]he exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." *Id*. (citing *Picard v. Connor*, 404 U.S.

---

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Fletcher's federal habeas petition on July 24, 2007, when it was received from the Western District of Louisiana. Fletcher dated his signature on the petition on July 18, 2007. This is the earliest date on which he could have delivered it to prison officials for mailing.

270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

In this case, Fletcher did not pursue any of his discretionary review under the post-conviction procedures to the Louisiana Supreme Court.  The undersigned confirmed with the Office of the Clerk of the Louisiana Supreme Court that Fletcher has not filed any writ applications in that Court related to his three St. Tammany cases.  He therefore has not exhausted his state court remedies

## IV. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  As determined above, Fletcher's conviction was final on April 1, 2005.  Under the plain language of § 2244, Fletcher had

---

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

until April 1, 2006,[25] to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Fletcher's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (stating that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures) (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

---

[25]Although it is not relevant here, April 1, 2006, was a Saturday and the filing period would have fallen on the following Monday, April 3, 2006.

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001) (motion to withdraw a guilty plea is "other collateral review"), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the AEDPA filing period began to run on April 2, 2005, the day after Fletcher's conviction was final. The filing period continued to run for 320 days, until February 16, 2006, when he submitted a motion to correct an illegal sentence to the Trial Court. The motion and subsequent writ application remained pending until August 23, 2006, which was 30 days after the appellate court ruled and Fletcher did not timely proceed to the Louisiana Supreme Court.

The AEDPA filing period again began to run the next day, August 24, 2006, for another 45 days, until October 7, 2006, or the next non-holiday business day, October 10, 2006, when it expired. Fletcher had no properly filed state post-conviction or other collateral review pending during that time. His next state court filing was submitted on January 22, 2007, which was 106 days after the AEDPA filing period expired. However, a pleading filed after expiration of the AEDPA filing period does not provide any tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). In this case, Fletcher has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[26]

Fletcher's federal petition is deemed filed on July 18, 2007, which is over nine months after the AEDPA filing period is considered to have expired on October 10, 2006. Fletcher's federal petition must be dismissed as untimely filed.

---

[26]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S. Ct. at 2564 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Devron Fletcher's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this  10th  day of August, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.